1
2
3
4
5
6
7

**SEALED**

8            UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES ex rel. CHERYL          No. 2:17-cv-02125-KJM-KJN
    HYATT,
12
              Relator,
13                                        ORDER

14        v.

15  NINOS MIRZA, individually and as
    trustee for the NINOS AND JANET
16  MIRZA TRUST; JANET MIRZA aka
    JANET W MIRZA, individually and as
17  trustee for the NINOS AND JANET
    MIRZA TRUST; and DOES 1 through 50,
18  inclusive,

19            Defendants.

20

21          Relator Cheryl Hyatt filed this civil lawsuit on October 12, 2017.  ECF No. 1.  She

22  now requests permission to proceed *in forma pauperis* ("IFP").  ECF No. 2.

23  I.     LEGAL STANDARD: IFP STATUS

24          With the exception of applications for writs of habeas corpus, a plaintiff filing a

25  civil lawsuit in a United States district court must generally pay a $400 filing fee.  28 U.S.C.

26  § 1914.  The "IFP statute," however, waives the filing fee for a plaintiff[1] that cannot afford the

27  _____

28          [1] All persons, not just prisoners, may seek IFP status.  *Andrews v. Cervantes*, 493 F.3d

                                    1

1  payment, provided the suit is neither frivolous nor malicious. *See* 28 U.S.C. § 1915(a); *Franklin*

2  *v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984).  The statute does not itself delineate when

3  someone is unable to pay the fee, but the Supreme Court has limited IFP status to those who file a

4  sworn affidavit showing "complete destitution". *Adkins v. E.I. DuPont de Nemours & Co.*, 335

5  U.S. 331, 339–40 (1948).  Although the plaintiff seeking IFP status must allege poverty "with

6  some particularity, definiteness and certainty," *United States v. McQuade*, 647 F.2d 938, 940 (9th

7  Cir. 1981) (internal quotation marks omitted), a sworn statement that the plaintiff cannot pay the

8  court costs while still affording the necessities of life is generally enough, *Adkins*, 335 U.S. at

9  339; *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).  But "[i]f an applicant has the

10  wherewithal to pay court costs, or some part thereof, without depriving himself and his

11  dependents (if any there be) of the necessities of life, then he should be required . . . to put his

12  money where his mouth is." *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (citation and internal

13  quotation marks omitted).

14  II.     APPLICATION

15           Here, Ms. Hyatt is entitled to IFP status.  Under penalty of perjury, she declares

16  she has only $300.00 in savings, her monthly expenses far exceed her monthly income, and she

17  has no property of value.  IFP Application, ECF No. 2.  Ms. Hyatt's average monthly income is

18  limited to a $583.00 paycheck and $362.00 in child support, totaling $945.00, though she reports

19  no expected income for November, 2017.  *Id.*  Her reported monthly expenses include $957.00

20  for rent, $300.00 for food, $100.00 for transportation, and $150.00 for utilities.  *Id.*  In sum*,* her

21  basic monthly expenses, totaling $1,507.00, far exceed her monthly income.  Ms. Hyatt has

22  sufficiently shown destitution.

23           That she is represented by counsel does not change this result.  *See generally*

24  28 U.S.C. § 1915(a) (nowhere limiting IFP status to pro se plaintiffs); *Kwan v. Schlein*, 246

25  F.R.D. 447, 453 (S.D.N.Y. 2007) ("[A]uthorization to commence litigation without the

26

27  1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th
   Cir. 2005) (finding statute applies to all persons despite its "prisoner possesses" language, and

28  collecting cases so holding).

1   prepayment of fees is based on the resources of the litigant and not on whether she has obtained

2   counsel."); *see also Cottingham for Wash. v. Bd. of Educ. of Emery Unified Sch. Dist.*, C-93-

3   0824-DLJ, 1993 WL 79698, at *1 (N.D. Cal. Mar. 15, 1993) (considering plaintiffs' request,

4   although represented by counsel, to proceed IFP).  Without any evidence showing plaintiff has

5   paid her attorney, the court accepts her declaration of destitution as true.  *See Kwan*, 246 F.R.D. at

6   453 ("[Unless] payments []to her attorney demonstrate [Kwan] is no longer indigent, there is no

7   basis for reconsidering her in forma pauperis status.").  The court GRANTS Ms. Hyatt's motion

8   to proceed *in forma pauperis*.

9              IT IS SO ORDERED.

10             This resolves ECF No. 2.

11   DATED:  October 24, 2017.

12

13                                                   UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28