| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. CHERYL HYATT,<br><br>Plaintiffs,<br><br>v.<br><br>NINOS MIRZA, individually and as trustee for the NINOS AND JANET MIRZA TRUST, JANET MIRZA aka JANET W MIRZA, individually and as trustee for the NINOS AND JANET MIRZA TRUST, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:17-cv-2125 KJM-KJN<br><br><br>ORDER |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

On April 3, 2018, the United States gave notice that it declines to intervene in this *qui tam* action. ECF No. 10. The United States requests the court unseal the relator's complaint and the United States' notice declining to intervene, but requests that other previously filed documents remain under seal. *Id.* at 2. These documents include, for example, the United States' request for an extension of time to decide whether to intervene, and a declaration and other materials submitted in support of that request. *See, e.g.*, ECF No. 7.

The False Claims Act (FCA) provides that a qui tam action must be filed in camera and remain under seal for at least 60 days while the United States decides whether to intervene,

1

and permits extensions to maintain the seal beyond that period upon the United States' showing of good cause. 31 U.S.C. § 3730(b)(2)-(3). But the FCA clearly contemplates that after the United States makes a decision, the seal will be lifted, *see id.* § 3730(b)(3); *U.S. ex rel. Lee v. Horizon W., Inc.*, No. 00-2921, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006). Generally, the seal will be lifted entirely "*unless* the Government shows that such disclosure would: (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties." *Horizon W., Inc.*, 2006 WL 305966, at *2 (emphasis in original) (citations omitted). "[I]f the documents simply describe routine or general investigative procedures, without implicating specific people or providing substantive details, then the Government may not resist disclosure." *Id.* (citing *United States v. CACI Int'l. Inc.*, 885 F. Supp. 80, 83 (S.D.N.Y. 1995)). "Congress did not intend that the government should be allowed to prolong the period in which the file is sealed indefinitely." *United States ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1190 (N.D. Cal. 1997) (discussing government requests to extend the seal while deciding whether to intervene); *U.S. ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994) (noting the FCA "evinces no specific intent to permit or deny disclosure of *in camera* material as a case proceeds"). Rather, the FCA "invests the court with authority to preserve secrecy of such items or make them available to the parties." *Straus*, 846 F. Supp. at 23. Ultimately, the court's decision must account for the fundamental principle that court records are generally open to the public. *See Baker & Taylor, Inc.*, 955 F. Supp. at 1190.

Here, the United States requests the court maintain the seal because "[c]onfidentiality is paramount to False Claims Act investigations," noting investigation "often becomes more difficult when a defendant learns it is under investigation" and disclosure of "the government's investigatory techniques and processes can provide violators with a roadmap to evade detection or to thwart the government's enforcement efforts." ECF No. 10 at 2 n.1 (citation omitted). That the defendant may learn it is under investigation is of no moment here, as the complaint will be unsealed with this order. *See* 31 U.S.C. § 3730(b)(3). Further, the United States does not concretely identify a single investigative technique at risk of exposure upon unsealing here. Rather, the United States relies on the general argument that "in discussing the

content and extent of the federal investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." ECF No. 10 at 2. The United States' explanation does not assure the court that a seal is necessary to maintain the confidentiality of investigative methods or techniques, to protect ongoing investigations, to protect others who are not a part of this litigation, or for another reason.

Nonetheless, the court will provide the government the opportunity to justify the sealing it requests in a further filing. The court therefore orders as follows:

(1) In the event the relator moves to voluntarily dismiss, settle or otherwise discontinue this action, the relator is ORDERED to solicit and submit the written consent of the United States before obtaining a ruling from the court. All pleadings filed and orders issued in this action will be served on the United States. The United States retains the right to intervene, for good cause, at a later date;

(2) The complaint, ECF No. 1, the United States' Notice of Election to Decline Intervention, ECF No. 10, the United States' proposed order, ECF No. 10-1, and this order are UNSEALED;

(3) All other previous filings remain under TEMPORARY SEAL pending further order of this court; and

(4) Within fourteen days, any party may SHOW CAUSE why the previous filings in this action should remain under seal.

IT IS SO ORDERED.

DATED: April 11, 2018.

_____
UNITED STATES DISTRICT JUDGE