UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. CHERYL HYATT,<br><br>Plaintiff,<br><br>v.<br><br>NINOS MIRZA, individually and as trustee for the NINOS AND JANET MIRZA TRUST, JANET MIRZA aka JANET W MIRZA, individually and as trustee for the NINOS AND JANET MIRZA TRUST, and DOES 1 through 50[1], inclusive,<br><br>Defendants. | No. 2:17-cv-2125 KJM-KJN<br><br><br>ORDER |

This case arises out of a landlord-tenant dispute. Plaintiff alleges defendants violated the Federal False Claims Act, 31 U.S.C. § 3729 *et seq*, by demanding supplemental payments from plaintiff in violation of the agreement between defendants and the Housing Authority of Stanislaus County. Plaintiff also alleges five related state law claims. Defendants,

---

[1] If a defendant's identity is unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds. *Id.* at 642. The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint. Fed. R. Civ. P. 4(m).

1

Ninos and Janet Mirza, individually and as trustees for the Ninos and Janet Mirza Trust, move to dismiss the state law claims. For the following reasons, the court GRANTS defendants' motion to dismiss counts two through six without leave to amend.

I.     FACTS AND PROCEDURAL HISTORY

Plaintiff, Cheryl Hyatt, rented a residential unit from defendants, Ninos and Janet Mirza, located at 1716 Denver Street in Modesto, California, from approximately October 2012 until December 2014. Compl., ECF No. 1 ¶17. During her tenancy, Hyatt was a federal Section 8 Housing Assistance Program (HAP) beneficiary. Accordingly, defendants entered into a contract with the Housing Authority of Stanislaus County to receive rental payments from the federal government on behalf of Hyatt (the "HAP contract"). *Id.* ¶¶ 21–22. As relevant here, the HAP contract required defendants to pay Hyatt's costs for water and garbage and collect from Hyatt only the amount of rent listed in the contract. *Id.* ¶¶ 20–22. Defendants allegedly demanded additional rent from Hyatt several times during her tenancy and insisted that she pay the water and garbage bill, violating the HAP contract. *Id.* ¶¶ 22–24. Hyatt alleges that defendant Janet Mirza threatened to evict her after she refused to pay the additional rent in June and July of 2013. *Id.* ¶¶ 25, 76. Between 2014 and 2016, Hyatt and Janet Mirza filed claims against each other in two different state court proceedings, ultimately resulting in Hyatt's eviction from 1716 Denver Street.

Specifically, Ms. Mirza represents that she filed an unlawful detainer action against Hyatt in Stanislaus Superior Court in 2015.[2] Defs.' Mem. at 2.[3] In her amended answer

---

[2] Defendants' Motion to Dismiss states that defendant Janet Mirza "decided to file" an unlawful detainer action against Plaintiff "in April of 2014." Defs.' Mem. at 2. According to Stanislaus County Superior Court records, the action was filed August 25, 2015, Compl., Aug. 25, 2015, *Mirza v. Hyatt*, No. 2016676 (Stanislaus Sup. Ct. Nov. 4, 2015), https://portal.stanct.org/Portal/Home/WorkspaceMode?p=0 (last visited Nov. 29, 2018), but this date appears nowhere in the record before this court. In their Request for Judicial Notice, defendants only include Plaintiff's Notice of Errata and Corrected Answer (Exhibit 1) and the Notice of Entry of Judgment (Exhibit 2). The court uses the date appearing in the official state court records, of which it takes notice sua sponte.

[3] All citations to page numbers of documents filed in this case refer to the court's electronic filing system pagination and not to the filing's original pagination.

in that case, Hyatt argued that Ms. Mirza retaliated against Hyatt's exercise of her legal rights by increasing Hyatt's rent and demanding that she pay the water and garbage bill. Defs.' Req. for Jud. Not. ("Request"), ECF 16-1, Ex. 1 (Unlawful Detainer Answer). After a bench trial, the superior court entered judgment in Ms. Mirza's favor on October 28, 2015. Request, Ex. 2 (Unlawful Detainer Judgment).

On March 21, 2016, Hyatt sued Janet Mirza for $10,000 in Stanislaus County Small Claims Court. Request, Ex. 4 (Small Claims Judgment). Hyatt alleged that Ms. Mirza "wrongfully evicted her, improperly withheld her security deposit and required her to pay for water and garbage bills in violation of the lease agreement and Section 8." *See* Small Claims Judgment. After a bench trial, the court found that Ms. Mirza improperly withheld Hyatt's security deposit and awarded Hyatt the amount of the withheld deposit, but found that Hyatt's other claims were without merit. *Id*. The court entered judgment on April 28, 2016. *Id*.

Plaintiff filed the instant suit on October 12, 2017 making six claims: (1) violation of 31 U.S.C. § 3729 (False Claims Act); (2) breach of contract; (3) unjust enrichment; (4) unlawful business practices; (5) common count; and (6) violation of California Civil Code § 1942.5 (Retaliatory Eviction). *See generally* Compl., ECF No. 1. Defendants move to dismiss the state law claims, arguing they are barred under res judicata. Plaintiff filed an opposition and defendants filed a reply. Opp'n, ECF No. 19; Reply, ECF No. 21. The court submitted the matter without a hearing. ECF No. 27.

II. JUDICIAL NOTICE

The court may "take judicial notice of undisputed matters of public record" but it may not take judicial notice of "disputed facts stated in public records . . . ." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (italics omitted); *see also* Fed. R. Evid. 201. Plaintiff does not oppose defendant's request for judicial notice of documents filed in the parties' prior state court proceedings. *See* Request for Judicial Notice, ECF No. 16-1, Ex. 1 (Notice of Errata and Corrected Answer ("Unlawful Detainer Answer") filed on October 16, 2015 in *Mirza v. Hyatt*, Stanislaus County Superior Court, Case No. 2016676 ("Unlawful Detainer Action")); *id.,* Ex. 2 (Notice of Entry of Judgment ("Unlawful Detainer Judgment") filed October 28, 2015

in Unlawful Detainer Action); *id.*, Ex. 3 (plaintiff's claim in small claims suit ("Plaintiff's Small Claim") filed March 21, 2016 in *Hyatt v. Mirza*, Stanislaus County Superior Court Case No. 2103123 ("Small Claims Action")); *id.*, Exhibit 4 (smalls claims court ruling ("Small Claims Judgment") filed April 28, 2016 in Small Claims Action). Because the request is unopposed and the documents are all filed in the public record, the court GRANTS defendants' request for judicial notice of all four exhibits. To be clear, the court is judicially noticing the existence of these documents and the fact that their contents were publicly filed in the corresponding actions, but declines to judicially notice any of the facts stated within them as necessarily true in substance. *See Lee v. City of Los Angeles*, 250 F. 3d at 690.

III. LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court may grant the motion only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), though it need not include "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. Conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). In a Rule 12(b)(6) analysis, the court must accept well-pleaded factual allegations as true and construe the complaint in plaintiff's favor. *Id.*; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question. See *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Generally, the court evaluates the complaint and its attachments, if any, in ruling on a motion to dismiss. However, the court, as it does here, may rely on matters properly subject

to judicial notice. Fed. R. Evid. 201(b) ("[A] judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *Lee v. City of Los Angeles*, 250 F.3d at 690 (9th Cir. 2001) (court may "take judicial notice of undisputed matters of public record").

IV.    DISCUSSION

When addressing the preclusive effect of a state court judgment, federal courts apply the law of the state in which judgment was rendered. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). California courts apply the "primary rights" theory, under which a plaintiff is precluded from relitigating a claim if: "[1] the claim relates to the same 'primary right' as a claim in a prior action, [2] the prior judgment was final and on the merits, and [3] the plaintiff was a party or in privity with a party in the prior action." *Trujillo v. County of Santa Clara*, 775 F.2d 1359, 1366 (9th Cir. 1985) (citing *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975); *Busick v. Workmen's Compensation Appeals Board*, 7 Cal. 3d 967, 974 (1972)); *see also* Cal. Civ. Proc. Code § 1908.[4] Regarding the first prong, "[i]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (Ct. App. 1983). Furthermore, "[a] final judgment is on the merits for the

---

[4] Section 1908 reads as follows, in pertinent part:

> "The effect of a judgment or final order in an action or special proceeding before a court or judge of this state, or of the United States, having jurisdiction to pronounce the judgment or order, is as follows:
>
> . . . .
>
> (2) [T]he judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided they have notice, actual or constructive, of the pendency of the action or proceeding. . . ."

5

purposes of res judicata 'if the substance of the claim is tried and determined . . . .'" *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 77 (2000) (quoting 7 Witkin, Cal. Proc., Judgment § 313 (4th ed. 1997)). In California, small claims court judgments are given the same preclusive effect as any other state court judgment. *Greene v. Hayward*, No. 1:06-CV-0231 OWW TAG, 2006 WL 1376879, at *4 (E.D. Cal. May 17, 2006) (citing *Pitzen v. Superior Court*, 120 Cal. App. 4th 1374, 1381–82, 1386 (2004)) ("California law applies both claim preclusion and issue preclusion to a judgment rendered in small claims court against a plaintiff.").

As explained below, Hyatt's state law claims are barred by the res judicata doctrine.

  A. <u>Previous Suit Involved the Same "Primary Right"</u>

Here, Hyatt asserts the same primary right in her state law claims as she previously asserted as defenses or counterclaims[5] to defendant Mirza's unlawful detainer action against her. Specifically, her claims here for breach of contract ("Count II[6]"), unjust enrichment ("Count III"), unlawful business practices ("Count IV"), and common counts ("Count V") are all claims enforcing Hyatt's right to be free from the injury caused by demands for rental payments beyond the agreed upon amount. *See Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 904 (2002*)* ("[T]he primary right is simply the plaintiff's right to be free from the particular injury suffered."). In her amended answer to the unlawful detainer action, Hyatt raised the issue of the increased rent payments, stating "Plaintiff has engaged in a pattern of retaliation against Defendant by increasing Defendant's rent." Unlawful Detainer Answer at 9. The rental increases at issue in this suit occurred before the unlawful detainer was litigated, so they are not new claims

---

[5] Due to the informal nature of plaintiff's amended answer in the unlawful detainer action, it is not apparent whether the issue was raised as a defense or a counterclaim. *See* Unlawful Detainer Answer. Whether the rental increases were litigated as a defense or a counterclaim does not affect the res judicata analysis, as the state court's decision resolving the unlawful detainer action represents a final judgment on the merits of the claim either way. *See Estate of Baumann*, 201 Cal. App. 3d 927, 937 (Ct. App. 1988) ("Under res judicata principles litigants must raise all defenses and counterclaims in the first action. After judgment is entered, arguments and claims that could have been asserted but were not are precluded in a subsequent action.") (citing *People v. Sims*, 32 Cal.3d 468, 484 (1982)).

[6] Plaintiff uses the term "Count" in her complaint.

that post-date the unlawful detainer action, and are presumably the same rental increases raised in the unlawful detainer answer. *Compare* Compl. at ¶¶ 22–25 (describing Mirza's demands for increased rent occurring between 2012 and 2013), *with* Unlawful Detainer Answer at 9 (describing increased rental payments occurring between 2013 and 2015). In other words, Hyatt previously raised a claim regarding the same injury to her (having to pay more rent that was agreed upon) resulting from the same wrong by the defendant (demanding supplemental rent). *See Eichman v. Fotomat Corp.*, 147 Cal. App. 3d at 1174. As such, the same "primary right" was adjudicated in the unlawful detainer action as is raised here, and Hyatt's claims related to the increased rent payments are barred by res judicata. *Cf. Ann v. Tindle*, 321 F. App'x 619, 619–20 (9th Cir. 2009) (unlawful detainer action filed against plaintiff addressed same "primary right" as plaintiff's subsequent breach of contract and civil rights claim, which was "plaintiff's rights to the apartment").

Hyatt's retaliatory eviction claim under California Civil Code § 1942.5 ("Count VI") is also barred by res judicata, because it also arises from the same primary right that was adjudicated in the unlawful detainer action: Ms. Hyatt's rights to the apartment. *Ann v. Tindle*, 321 F. App'x at 619–20 (unlawful detainer action filed against plaintiff addressed same "primary right" as plaintiff's subsequent breach of contract and civil rights claim, which was "plaintiff's rights to the apartment"); *see also Wri W. Gate S., L.P. v. Reliance Mediaworks (USA) Inc.*, No. 14-CV-03802-JD (JSC), 2015 WL 6855712, at *6 (N.D. Cal. Oct. 1, 2015), *report and recommendation adopted*, No. 14-CV-03802-JD, 2015 WL 6828184 (N.D. Cal. Nov. 6, 2015) (plaintiff's claims for constructive wrongful eviction and breach of contract "address[ed] the same injury" as that at issue in the previous unlawful detainer action and were therefore barred). Moreover, Hyatt concedes that the issue of retaliation was raised in both the small claims action and the unlawful detainer action. Opp'n at 3; *see also* Pl.'s Small Claim at 3.a (suing for "Retaliation . . . , unlawful eviction . . . .").

Hyatt argues that res judicata should not apply because the jurisdictional limits on small claims prevented her from seeking punitive damages in her small claims suit. Opp'n at 4 (citing *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994)). Hyatt's reliance on *Burgos v. Hopkin*, in

which the court found that res judicata could not bar an action where "the initial forum did not have the power to award the full measure of relief sought in the later litigation," is misplaced. *Burgos* was decided under New York state law, whereas California state law applies here and dictates the opposite result. *See Taylor v. Grannis*, No. C 07–6380 MHP (pr), 2010 WL 4392578, at *4 (N.D. Cal. Oct. 29, 2010) (applying California law and finding a civil rights action was barred by earlier state habeas proceeding where damages were unavailable). Under the "primary rights theory," the touchstone is whether the "two actions involve the same injury to the plaintiff and the same wrong by the defendant," regardless of whether the plaintiff seeks "new forms of relief." *Eichman*, 147 Cal. App. 3d at 1174. Moreover, the retaliatory eviction claim is also barred because of the unlawful detainer suit, so Hyatt's arguments regarding the small claims suit are inapposite.

For these reasons, all five state law claims meet the first of the res judicata requirements. *See Trujillo*, 775 F.2d at 1366 ([A] plaintiff is precluded from relitigating a claim if: "the claim relates to the same 'primary right' as a claim in a prior action . . . .").

B.  Prior Judgment was Final and on the Merits

Both the unlawful detainer action and the small claims court judgment were final and on the merits. "The requirement of an adjudication on the merits does not mandate a hearing or other judicial process beyond rendering a decision; rather it means that the court must finally resolve the rights of the parties on the substance of the claim, rather than on the basis of a procedural or other rule precluding state review of the merits." *Barker v. Fleming*, 423 F.3d 1085, 1092 (9th Cir. 2005) (citing *Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004)). On October 21, 2015, after a bench trial in which Ms. Mirza appeared through her attorney and Hyatt appeared in pro per, Stanislaus County Superior Court entered a judgment against Hyatt, finding her "guilty of unlawful detainer." Unlawful Detainer Judgment at 12. On April 28, 2016, following a bench trial in which Ms. Mirza testified on her own behalf and both parties submitted evidence, the small claims court issued a ruling that Ms. Mirza improperly withheld Hyatt's security deposit, but otherwise found that "[Hyatt]'s remaining claims for damages [are] without merit." Small Claims Judgment. As such, both the unlawful detainer action and the small claims

judgment were final decisions that were decided on the merits, rather than "on the basis of a procedural or other rule." *See Barker v. Fleming*, 423 F.3d at 1092.

### C. Party Against Whom Res Judicata is Asserted is the Same in Both Suits

Lastly, Hyatt is the party against whom the res judicata bar is asserted, and she was also a party in both the unlawful detainer suit and the small claims suit, satisfying the final res judicata element. *See In re Anthony H.*, 129 Cal. App. 4th 495, 503 (2005) ("Res judicata applies when . . . the party *against whom* the doctrine is being asserted was a party or in privity with a party to the prior adjudication.") (emphasis added).

### D. Leave to Amend

"Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend in cases where the court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ('Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.')." *See Backstrom v. Americas Servicing Co.*, No. CV126183JFWFFMX, 2012 WL 12888431, at *3 (C.D. Cal. Oct. 19, 2012). Here, amendment would be futile because the res judicata bar is conclusive and cannot be cured through amendment. *See Lambert v. Andrews*, 79 F. App'x 983, 986 (9th Cir. 2003) (affirming denial of leave to amend when claims barred by res judicata because "amendment would be futile").

## V. CONCLUSION

Accordingly, defendants' motion to dismiss is GRANTED and plaintiff's second, third, fourth, fifth, and sixth claims are DISMISSED without leave to amend. Defendants shall file an answer to the first claim in the complaint within 21 days.

IT IS SO ORDERED.

DATED: December 19, 2018.

_____
UNITED STATES DISTRICT JUDGE